**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| Santiago Gonzales, *on behalf of himself and all others similarly situated*,<br><br>                    Plaintiff,<br><br>     v.<br><br>Mason Companies, Inc.<br><br>                    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT** |

For his Class Action Complaint, Plaintiff, Santiago Gonzales, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Santiago Gonzales ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Mason Companies, Inc. ("Mason" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Mason is "the largest mail order footwear company in the World" and "the 150th largest e-commerce retailer in the U.S." *See* http://www.masoncompaniesinc.com/our-company/history/ (last visited Dec. 19, 2017). Its current catalog businesses include "Auditions, Maryland Square, BA Mason, Masseys Credit, Mason Easy-Pay, K.Jordan, Stoneberry, Figi's Gifts in Good Taste, Figi's Gallery and an internet only site – ShoeMall.com." *Id.*

3. Mason also offers "revolving credit" to its customers as a form of payment. *Id.*

4. As part of its business practice, Mason bombards unsuspecting consumers, with

whom it has no relationship, with robocalls.

5. Plaintiff is one such consumer. He is not a Mason customer yet has been bombarded with autodialed calls made without his consent and over his explicit objection.

6. Plaintiff seeks relief for himself and all others similarly situated for Mason's unlawful behavior.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. The Court has personal jurisdiction over Mason as Mason regularly conducts its business within the state of New Mexico.

9. Venue is proper in this District as Plaintiff received Mason's telephone calls within this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Taos, New Mexico.

11. Mason is a Wisconsin corporation with its principal place of business located at 1251 First Avenue, Chippewa Falls, Wisconsin 54729-1691.

12. Plaintiff has never had a business relationship with Mason and never consented to be contacted by Mason on his cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. The TCPA regulates, among other things, the use of automated telephone dialing systems.

14. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

      (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

      (B)    to dial such numbers.

15.    Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16.    Defendant has repeatedly placed automated calls using an ATDS and prerecorded voices to Plaintiff's cellular telephone (575) XXX-6236 ("the -6236 Number").

17.    Plaintiff's number was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18.    Mason calls Plaintiff from telephone number 877-210-0238.

19.    Mason has bombarded the Plaintiff with daily automated calls within the last four years in an attempt to reach another individual, "Candice Abasta," who Plaintiff does not know.

20.    Plaintiff has told Defendant on multiple occasions that he is not a Mason customer and that Defendant is to stop calling him.

21.    Nevertheless, the calls to Plaintiff at the -6236 Number have persisted and continued.

22.    At all times mentioned herein, Mason called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

23.    When Plaintiff answered calls from Mason, he heard an extended period of silence before the calls would be routed to a live agent. This is indicative of Mason's use of a "predictive dialer."

24. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

25. In addition, upon information and belief the hardware and software combination utilized by Mason has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

26. Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on his cellular telephone.

## CLASS ACTION ALLEGATIONS

### A. The Class

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom Mason or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

### B. Numerosity

30. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers, after being informed it was calling the

4

wrong party, throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. Common Questions of Law and Fact

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.  Protecting the Interests of the Class Members**

35.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.  Proceeding Via Class Action is Superior and Advisable**

36.  A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Mason is small because it is not economically feasible for Class members to bring individual actions.

37.  Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

38.  Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39.  Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

40.  Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

43. Plaintiff and the Class are also entitled to and do seek a declaration that:

    a. Defendant violated the TCPA; and

    b. Defendant placed calls to the Plaintiff and the Class without prior express written consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

46. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

47. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Plaintiff and the Class are also entitled to and do seek a declaration that:

    a. Defendant knowingly and/or willfully violated the TCPA;

    b. Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;

    c. Defendant willfully placed calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

    d. It is Defendant's practice and history to place calls to non-customers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as requested;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff; and
6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 2, 2018

        Respectfully submitted,
        By /s/Blake J. Dugger

        Blake J. Dugger, Esq.
        Law Office of Blake J. Dugger
        1704 Llano St., Ste. B-1064
        Santa Fe, NM 87108
        Telephone: (505) 510-4090
        Email: blakejdugger@gmail.com

*Of Counsel to:*
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (917) 981-0849
Facsimile:  (888) 953-6237
Attorneys for Plaintiff